UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LG 37 DOE,

                Plaintiff,

    v.

DOUGLAS NAIL, GREATER NIAGARA
FRONTIER COUNCIL, INC., BOY SCOUTS
OF AMERICA, and BOY SCOUTS OF
AMERICA,

                Defendants.

**AFFIRMATION IN SUPPORT OF
MOTION TO SEVER DEFENDANT
BSA AND REMAND ACTION AS TO
DEFENDANT NAIL AND DEFENDANT
GNF COUNCIL TO STATE COURT
OR IN THE ALTERNATIVE FOR THIS
COURT TO ABSTAIN FROM
HEARING SAID ACTION**

Case No. 1:20-cv-00217

---

AMY C. KELLER, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the State of New York and before this Court, and am an associate attorney with Lipsitz Green Scime Cambria, LLP, attorneys for Plaintiff, LG 37 Doe. As such, I am fully familiar with the facts and circumstances addressed below. I affirm the following to be true, upon information and belief, under the penalties of perjury pursuant to C.P.L.R. 2106.

2. This affidavit is submitted in support of Plaintiff, LG 37 Doe's motion to sever Defendant Boy Scouts of America (hereinafter "BSA") from the above-captioned matter pursuant to Federal Rules of Civil Procedure 21, and to remand the remaining causes of action against Defendant Greater Niagara Frontier Council, Inc., Boy Scouts of America (hereinafter "GNF Council") and Defendant Douglas Nail to the New York State Supreme Court, County of Erie, pursuant to 28 U.S.C. § 1447(c), or 1452(b), or in the alternative for this Court to abstain

from hearing these claims in favor of New York State Supreme court pursuant to 28 U.S.C. §§ 1334(c)(1) and/or 1334(c)(2).

3. LG 37 Doe was a child member of Boy Scouts of America Troop 565, when he was sexually abused by the Troop's Scoutmaster, Defendant Douglas Nail, from approximately 1983 and continuing through 1987.

4. Upon information and belief, the Boy Scouts of America Troop 565, was formed through Defendant Greater Niagara Frontier Council Inc., Boy Scouts of America.

5. A Summons and Complaint was filed in the Supreme Court of the State of New York, County of Erie, on behalf of LG 37 Doe against Defendant Douglas Nail, Defendant GNF Council and Defendant BSA. A copy of the Summons and Complaint is annexed hereto, made part hereof, and designated **Exhibit A.**

6. Defendant Nail filed an Answer with cross-claim against Defendant BSA and Defendant GNF Council on January 15, 2020. A copy of which is annexed hereto, made part hereof, and designated **Exhibit B.**

7. Defendant BSA and Defendant GNF Council filed a Verified Answer on February 3, 2020. A copy of which is annexed hereto, made part hereof, and designated **Exhibit C.**

8. Defendant BSA and Defendant GNF Council filed a Reply to Cross-Claim on February 3, 2020. A copy of which is annexed hereto, made part hereof, and designated **Exhibit D.**

9. Defendant BSA and Defendant GNF Council specifically deny that they are the same entity in the Verified Answer. *See* Exhibit C, para. 6.

10. On February 18, 2020, Defendant BSA filed a Notice of Removal pursuant to 28 U.S.C. Sections 1334 and 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, a copy of which is annexed hereto, made part hereof, and designated **Exhibit E**.

11. On or about February 19, 2020, Defendant BSA filed a Notice of Removal pursuant to 28 U.S.C. Section 1452 in the Supreme Court of the State of New York County of Erie, Index No.: 816082/2019, a copy of which is annexed hereto, made part hereof, and designated **Exhibit F**.

12. In accordance with the Notice of Removal, LG 37 Doe's pending case was removed to this Court and assigned Case No. 1:20-cv-00217.

13. On March 4, 2020, Defendant BSA filed a Notice of (I) Commencement of Adversary Proceeding and Filing of Motion for a Preliminary Injunction by the BSA, (II) Meeting to Consider the Formation of an Official Committee of Creditors and (III) Filing of Motion by the BSA Debtors to Fix Venue for Claims Related to the Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b), in this Court, a copy of which is annexed hereto, made part hereof, and designated **Exhibit G**.

14. LG 37 Doe submitted an Attorney Affidavit in opposition to BSA's motion for a preliminary injunction pursuant to Sections 105(a) and 362 of the Bankruptcy Code, and in opposition to BSA's motion for an order appointing a judicial mediator and referring LG 37 Doe's pending abuse action to mandatory mediation on or about March 11, 2020, in the United States Bankruptcy Court for the District of Delaware.

15. LG 37 Doe also submitted a letter request on or about March 13, 2020 to Honorable Richard G. Andrews, regarding BSA's Motion to Fix Venue for Claims Related to the Debtors' Bankruptcy under 28 U.S.C. §§ 157(b)(5) and 1334(b), filed in the United States

District Court for the District of Delaware, requesting an extension of time to submit LG 37

Doe's opposition to the requested relief and procure local counsel admitted in the United States

District Court for the District of Delaware or file a motion to appear *pro hac vice*.

   16. Plaintiff LG 37 Doe, Defendant Nail are residents and citizens of New York

State, County of Erie, Defendant GNF Council is a New York State Corporation, headquartered

in Erie County.

   17. Plaintiff LG 37 Doe now moves pursuant to Federal Rules of Civil Procedure 21

to sever his claims against Defendant BSA only, as BSA has filed for Chapter 11 bankruptcy

relief and an automatic stay of the "commencement or continuation" of all non-bankruptcy judicial

proceedings against the debtor is in effect.  *See* 11 U.S.C. §362(a)(1).

   18. Defendant Nail and Defendant GNF Council have not filed for bankruptcy relief

and thus, are not afforded automatic stay protection pursuant to § 362(a) of the Bankruptcy

Code.

   19. Defendant GNF Council is a legal entity separate and apart from Defendant BSA.

*See* Exhibit C, para. 6.

   20. Defendant GNF Council has assured its members that GNF Council has not filed

for bankruptcy and that

> The national organization of the Boy Scouts of America is the only entity involved in the Chapter 11 filing. The Greater Niagara Frontier Council – which provides programming, financial, facility and administrative support to local units and individual Scouts in our area – is separate and distinct from the national organization. Our camps, properties and all local contributions are controlled by our council. *See* Mark Scott and Marian Hetherly, Local Boy Scouts Program not Tied to National Bankruptcy (February 18, 2020).  A copy of said Article is annexed hereto, made part hereof, and designated **Exhibit H.**

21. It is clear, by Defendant GNF Council's own statement, that it is not considering itself as one and the same entity as Defendant BSA, and it is respectfully submitted that this Court should not arrive at a different result.

22. LG 37 Doe should be able to pursue his causes of actions against Defendant GNF Council and Defendant Nail.  If this relief is not granted, his ability to sue the individual who sexually assaulted him for years and the institution that made it possible, will be stripped away forever.

23. LG 37 Doe will be irreparably harmed if the instant motion to sever is not granted, as it will effectively prevent him from pursuing his claims in a forum of his choosing.

24. For LG 37 Doe, it closes the door that the Child Victims Act opened for him to pursue legal action against The Child Molester, GNF Council and BSA, as Defendant BSA is trying to force LG 37 Doe into a global resolution of his action and prevent him from ever being able to set foot in a courtroom and have his day in court.

25. BSA seeks to protect the non-debtor co-defendants and persons responsible for sexually abusing innocent children, in direct contravention of the Child Victims Act.

26. Judge Chimes was the presiding Judge over LG 37 Doe's State Court Action and a Case Management Order was in effect that essentially streamlined the discovery process on Child Victims Act cases and placed them on an expedited track towards trial. *See* a copy of Judge Chimes' Case Management Order annexed hereto, made part hereof, and designated as **Exhibit I**.

27.  LG 37 Doe now moves pursuant to Fed. R. Civ. Pro. 21 to sever Defendant BSA from its causes of action pertaining to Defendant Nail and Defendant GNF Council.

28. LG 37 Doe further moves to remand the remaining causes of action against Defendants Greater Niagara Frontier Council, Inc., Boy Scouts of America (hereinafter referred to as "GNF Council") and Douglas Nail, to the New York State Supreme Court, County of Erie, pursuant to 28 U.S.C. § 1447(c), or 1452(b), or in the alternative for this Court to abstain from hearing these claims in favor of New York State Supreme court pursuant to 28 U.S.C. §§ 1334(c)(1) and/or 1334(c)(2).

29. Therefore, for the reasons stated above and in Plaintiff LG 37 Doe's accompanying Memorandum of Law, I respectfully request that this Court grant Plaintiff LG 37 Doe's motion to sever the cause of actions against Defendant Boy Scouts of America, and to remand the remaining causes of action against Defendants Greater Niagara Frontier Council, Inc., Boy Scouts of America and Douglas Nail, to the New York State Supreme Court, County of Erie, or in the alternative, to abstain from hearing said action.

DATED: Buffalo, New York
       March 19, 2020

                                 /s Amy C. Keller
                                 AMY C. KELLER, ESQ.