UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

LG 37 DOE,

                    Plaintiff,                          **DECISION & ORDER**

        v.                                              1:20-cv-00217-FPG

DOUGLAS NAIL, et al.

                    Defendants.

———————————————————————

## INTRODUCTION

Plaintiff LG37 Doe ("Plaintiff") brings this personal injury tort action against Defendants Douglas Nail ("Nail"), Greater Niagara Frontier Council, Inc., Boy Scouts of America ("GNF"), and Boy Scouts of America, Inc. ("BSA") (together "Defendants"), alleging that, from around 1983 to around 1987, Nail sexually assaulted and battered him while serving as a Scout Master. ECF No. 1-2 ¶ 14. Plaintiff's action is one of approximately 290 similar cases pending in state and federal courts throughout the country against BSA and its local councils ("Pending Abuse Actions"). Plaintiff brought this action in New York state court and BSA removed it to this Court. ECF No. 1. Plaintiff now moves to sever the claims against BSA from the claims against GNF and Nail and to remand the claims against GNF and Nail back to state court. ECF No. 3.

For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART; and the Court will sever the claims against BSA and GNF from the claims against Nail and remand only the claims against Nail to state court.

## BACKGROUND AND PROCEDURAL HISTORY

On December 3, 2019, Plaintiff filed this action against Defendants in the Supreme Court of the State of New York, Erie County. ECF No. 1-2 at 2. On February 18, 2020, BSA filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). *See* ECF No. 1 at 2.  Plaintiff's claims against BSA in this matter were thus stayed upon BSA's bankruptcy filing pursuant to the automatic stay imposed by 11 U.S.C. § 362(a). That same day, BSA removed the state court action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452(a).[1] BSA's removal notice informed the Court that it had filed a motion in the United States District Court for the District of Delaware ("Delaware District Court") seeking transfer of the Pending Abuse Actions to that court pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b) in order to consolidate all the Pending Abuse Actions. *See id.* 2-3. That motion is still pending. In addition, BSA's removal notice "submit[ted] that this Court should refrain from taking any further action in this case, including any decisions with respect to any motions to remand or abstain," pending the Delaware District Court's ruling on the transfer motion. *Id.* at 4.

As anticipated by BSA, on March 19, 2020, Plaintiff filed a motion seeking (1) severance of the claims against BSA from the claims against GNF and Nail, pursuant to Federal Rule of Civil Procedure 21; and (2) remand of the claims against GNF and Nail, pursuant to 28 U.S.C. § 1447(c), or § 1452(b). Alternatively, Plaintiff asked this Court to abstain from hearing these claims in favor of New York State Supreme Court pursuant to 28 U.S.C. §§ 1334(c)(1) and/or 1334(c)(2). ECF No. 3 at 1-2. On March 20, 2020, the Court ordered Defendants to respond to Plaintiff's motion by April 3, 2020, ECF No. 5, but none of them filed a response.

On April 1, 2020, BSA and GNF filed a notice with this Court indicating that the Delaware Bankruptcy Court had entered a consent order staying the prosecution of claims against "BSA

---

[1] Section 1334 gives federal district courts jurisdiction over claims "related to" Chapter 11 cases. *See In re Starling*, 617 B.R. 208, 213 (Bankr. S.D.N.Y. 2020).  Section 1452(a) provides the procedural mechanism for removal of such claims to federal court. *See Orange Cty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2d Cir. 2009).

Related Parties" in certain of the Pending Abuse Actions. ECF No. 7. GNF is included among the BSA Related Parties and claims against GNF were initially stayed via consent order through May 18, 2020. ECF No. 7 at 3-5; ECF No. 7-1 at 93. Nail is not one of the "BSA Related Parties" covered by the consent order, and, as a result, the prosecution of claims against Nail are not stayed. *See* ECF No. 13-1 at 4. The time period of the stay as to GNF has thrice been extended by stipulation and the prosecution of such claims is currently stayed through March 19, 2021. ECF No. 14 at 1.

On September 30, 2020, the Court issued an Order to Show Cause, ECF No. 10, directing Nail to explain whether the Delaware Bankruptcy Court's stay applies to him and to show cause why this Court should not consider Plaintiff's motion to sever and remand as against Nail notwithstanding the Delaware Bankruptcy Court's stay in this action. That Order also invited, though it did not require, a response from BSA and GNF. ECF No. 10 at 2. To date, neither BSA nor GNF has weighed-in on the matter. On October 7, 2020, Nail's attorney submitted an Affidavit in response to the Order to Show Cause. ECF No. 11. On October 21, 2020, Plaintiff filed a response to that Affidavit. ECF No. 13.

## DISCUSSION

### I.    Whether to Reach the Merits of Plaintiff's Motion

Plaintiff seeks to (1) sever BSA from this action on the ground that he will be prejudiced if this case does not go forward because all litigation against BSA has been stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362(a); and (2) remand the claims against GNF and Nail to state court. In support of this relief, Plaintiff argues that BSA's co-defendants are not entitled to the benefits of the automatic stay and that BSA is not an indispensable party to this action. *See generally* ECF Nos. 3, 4, 13.

Addressing GNF first, the Court notes that Plaintiff's motion to sever and remand was filed prior to the consent order enjoining prosecution of claims against "BSA Related Parties." Since the consent order defines GNF as a BSA Related Party and proscribes prosecution of claims against such parties, the Court declines to sever and remand as to GNF. *See* ECF Nos. 7-1 at 8, 93 ("[P]rior to the occurrence of the Termination Date, no person shall prosecute against any BSA Related Party any action alleging claims substantially similar to those asserted by any plaintiff in a Pending Abuse Action, nor shall any plaintiff seek to sever his or her claims against the BSA in any Pending Abuse Action in order to proceed with such Pending Abuse Action against any BSA Related Party.").

For his part, Nail requests that the Court delay ruling on Plaintiff's motion to sever and remand "until the Delaware Bankruptcy Court decides the issue of whether or not the [GNF] will or will not be afforded the protections of bankruptcy based upon the filing of bankruptcy by the [BSA]." ECF No. 11 ¶¶ 3, 7.

In support of this request, Nail argues that "[i]f and when the Delaware Bankruptcy Court makes a decision denying the 'channeling injunction' by [GNF] for protections under the BSA bankruptcy, the plaintiff will renew his Motion to Remand/Sever the case against [GNF] back to Erie County Supreme Court." *Id.* ¶ 5. It is Nail's position that *if* the Delaware Bankruptcy Court ultimately denies protections for GNF under BSA's bankruptcy at the termination of the consent order, and *if* Plaintiff then brings a motion to sever and remand as to GNF, Nail *may be* subject to duplicative discovery proceedings, depositions, and trials that would be financially burdensome. *Id.* ¶¶ 4-6. The Court is not persuaded by this speculative argument. *See Lucero v. Boy Scouts of America, et al.*, Adv. No. 20-1013-j, ECF No. 19 at 3-4 (Bankr. D. N.M. May 18, 2020) (denying

the individual defendant's request to delay ruling on plaintiff's motion to remand until after the expiration of the consent order).

The Court has also considered whether the pending Nationwide Transfer Motion is an impediment to the Court ruling on Plaintiff's motion at this time. Though BSA failed to respond to Plaintiff's motion and did not weigh-in on the Court's Order to Show Cause, it did request in its notice of removal "that this Court . . . refrain from taking any further action in this case, including any decisions with respect to any motions to remand or abstain," pending the Delaware District Court's ruling on the transfer motion. ECF No. 1 at 4.

As this Court recently noted in *J.R. v. Allegheny Highlands Council, Inc.*, federal district courts around the country have handled the Pending Abuse Actions before them in different ways, which include: denying remand without prejudice; staying the federal action in its entirety; refraining from ruling on pending motions to remand; and remanding despite the pendency of a transfer motion. *See* No. 1:20-cv-00215-FPG, 2020 WL 7398754, at *2-3 (W.D.N.Y. Dec. 17, 2020) (collecting cases). After examining those decisions, the Court concludes that the posture of this case presents a scenario in which the Court should rule on Plaintiff's motion despite the pending transfer motion. Such a conclusion is well-supported. *See, e.g.*, *Dieterly v. BSA*, No. 20-902, 2020 U.S. Dist. LEXIS 110534, at *7 (E.D. Pa. June 24, 2020) (remanding even though transfer motion was pending in the Delaware District Court) (first citing *In re Eight Adversary Proceedings Removed from State Court by Johnson & Johnson*, 603 B.R. 849, 852 (Bankr. S.D. Fla. July 2, 2019); and then citing *In re Johnson & Johnson*, No. 19-cv-3531(KPF), 2019 U.S. Dist. LEXIS 95445, at *17-19 (S.D.N.Y. June 4, 2019)); *Michael O'Malley v. Boy Scouts of America, et al.*, No. 1:20-cv-1526-WFK-RLM, ECF No. 13 (E.D.N.Y. Mar. 11, 2020) (remanding to state court without analysis); *see also generally Tavener v. Johnson & Johnson*, No. 5:19-CV-

0459 (GTS/TWD), 2019 U.S. Dist. LEXIS 110034, at *8-9, 19 (N.D.N.Y. July 2, 2019) (deciding plaintiff's motion for remand before deciding defendant's motion to stay pending bankruptcy-district court's decision on motion to transfer); *Lucero*, Adv. No. 20-1013-j, ECF No. 19 at 4, n.8 (concluding that "the pending Nationwide Transfer Motion is not an impediment to this Court determining the Motion for Remand" brought against the individual defendant) (collecting cases).

Accordingly, for the reasons stated above, the Court will address the merits of Plaintiff's motion.

## II.   Severance

"Rule 21 provides that a court 'may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.'" *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 21). Under this Rule, courts enjoy "broad discretion . . . to sever parties or claims from the action." *Agnesini*, 275 F.R.D. at 458 (citing *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159-60 (S.D.N.Y.2009)). "The moving party bears the burden of demonstrating that severance is required to avoid prejudice or confusion and to promote the ends of justice." *Id.* (citations & internal quotation marks omitted).

Courts examine the following factors when considering whether to sever a claim or claims against a party: "(1) whether the claims [against the parties] arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence." *Sheet Metal Workers' Nat. Pension Fund v. Collins and Walton Plumbing and Heating Contractors, Inc.*, No. 12-CV-6611, 2013 WL 3052371, at *1 (W.D.N.Y. June 17, 2013) (quoting *Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328, 331 (N.D.N.Y. 2008) (additional citations omitted).

Here, the claims against all defendants arise out of Plaintiff's abuse allegations, will likely present at least some common questions of fact and law, and will likely involve at least some of the same witnesses and evidence—though the Court recognizes that the intentional tort claims against Nail are distinct from the negligence and vicarious liability claims against BSA and GNF.

With respect to judicial economy, this case was pending for over two months in state court before being removed. Nail had filed an answer to Plaintiff's Complaint prior to removal. Further, Plaintiff asserts that "Judge Chimes was the presiding Judge over LG 37 Doe's State Court Action and a Case Management Order was in effect that essentially streamlined the discovery process on Child Victims Act cases and placed them on an expedited track towards trial." ECF No. 3-1 at 12 (citing ECF No. 4-9).

As explained above, claims against BSA are stayed under 11 U.S.C. § 362(a), and claims against GNF are stayed pursuant to the consent order. As a result, Plaintiff has been left unable to pursue his claims against Nail. Courts in similar circumstances have found that failure to sever claims against a bankrupt party would be unjust, unless it is an indispensable party to the action. *See Sheet Metal Workers' Nat. Pension Fund*, No. 12-CV-6611, 2013 WL 3052371, at *1 ("As [defendant] is not protected by the automatic stay pursuant to 11 U.S.C. § 362(a), the failure to sever the alleged claims against the bankrupt corporation would be unjust, unless it was an indispensable party to this action); *Broadcast Music, Inc.*, 555 F. Supp. 2d at 332 ([Defendant], however, is not entitled to the automatic stay, and it is manifestly unjust to allow him to shield himself behind the protection afforded Northern Lights, Inc. as a defendant in bankruptcy. In similar circumstances numerous courts have come to the same conclusion, granting motions to sever claims against bankrupt co-defendants as long as they were not indispensable parties.).

Here, Plaintiff may obtain complete relief for his claims against Nail without BSA and GNF, thus they are not indispensable.[2] *See Sanchez v. El Rancho Sports Bar Corp.*, No. 13-CV-5119 RA, 2015 WL 3999161, at *3 (S.D.N.Y. June 30, 2015). Nail's counterclaims against BSA and GNF do not counsel against this conclusion because "there is no evidence that such legal remedy would be unavailable to [him] once the bankruptcy stay is lifted." *Id.*; *see also Broadcast Music, Inc.*, 555 F. Supp. 2d at 332 ("Here Northern Lights, Inc. is not an indispensable party, despite the fact that it may be jointly and severally liable for the default judgment plaintiffs seek. Additionally, [defendant] will suffer no real prejudice by the severance, as any timely claim he may have against Northern Lights, Inc. will not expire until, at the earliest, 30 days after the termination of the automatic stay.") Thus, the Court finds, in its discretion, that severing the claims against BSA and GNF from the claims against Nail is warranted.

## III.    Remand

Next, the Court considers whether the claims against Nail should be remanded to state court. 28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on an equitable ground."[3] 28 U.S.C. § 1452(b). "Courts maintain wide discretion to make an equitable remand finding." *Breakell v. 3M Co.*, No. 3:19-cv-583 (VAB), 2019 WL 3162490, at *4 (D. Conn. July 16, 2019). Courts consider the following factors in determining whether equitable remand is appropriate:

> (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed [party].

---

[2] Nail has not argued that GNF and BSA are indispensable.

[3] Plaintiff raised other arguments in support of remand and abstention, but the Court does not reach those as it finds that equitable remand is appropriate under 28 U.S.C. § 1452(b).

*Id.* at *4.

Here, the balance of these factors weighs in favor of equitable remand. The first and fifth factors are neutral. Neither Nail, BSA, nor GNF have asserted that remand of claims as to Nail only would have any effect on the efficient administration of the bankruptcy estate. *See Lucero v. Boy Scouts of America, et al.*, Adv. No. 20-1013-j, ECF No. 19 at 6 (Bankr. D. N.M. May 18, 2020). While it is unlikely that Plaintiff's claims as to Nail, by themselves, would have a significant impact upon the administration of BSA's bankruptcy estate, or interfere with the bankruptcy proceeding, it is conceivable that claims as to Nail, together with similar claims against other scoutmaster defendants in the Pending Abuse Actions (there are approximately 290 cases) could have a significant impact on the administration of the estate. When presented with such a scenario, courts have judged the first and fifth factors neutral. *See Tavener*, No. 5:19-CV-0459 (GTS/TWD), 2019 U.S. Dist. LEXIS 110034, at *9 ("Plaintiffs should hardly be punished by the fact that theirs is not the only claim pending against [d]efendants.[ ] For these reasons, the [c]ourt finds that . . . these impacts essentially negate each other, causing the effect on the bankruptcy proceeding to be neutral."); *id.* at *10 ("The [c]ourt has difficulty imagining how the state court's adjudication of this particular claim would have a significant impact upon the bankruptcy proceeding . . . . However, the [c]ourt imagines that adverse judgments in actions like the state court proceeding below played a significant role in the . . . debtors' filing of their bankruptcy petition. Because these facts essentially negate each other, the Court finds [the fifth] factor to be, by and large, neutral.")

The second, third, fourth, and seventh factors weigh in favor of remand. Plaintiff's claims in this case are personal injury state law claims that arise under the New York Child Victims Act (CPLR §§ 208, 214-g). ECF No. 3-1 at 20-21. There are no federal claims. "Principles of comity

and the local significance of the litigation under the [Child Victims Act] to the New York state courts weigh substantially in favor of returning the matter to those courts." *Sokola v. Weinstein*, 20-cv-0925 (LJL), 2020 WL 3605578, at \*17 (S.D.N.Y. July 2, 2020) (finding the second, third, and fourth factors weigh "substantially" in favor of equitable remand in a Child Victims Act case). The seventh factor weighs in favor of remand because "removal would deny plaintiff[ ] the[ ] choice of the state courts as [her] forum and thus would prejudice her." *Id.* at \*17 (citation and internal quotation marks omitted) (alterations in original).

Finally, "because a jury trial would be available in federal court just as in state court" the sixth factor weighs against equitable remand. *Sokola*, 2020 WL 3605578, n.12. Balancing these factors, the Court finds that equitable remand of the claims against Nail is appropriate under 28 U.S.C. § 1452(b).

## CONCLUSION

For the reasons stated, Plaintiff's motion to sever and remand, ECF No. 3, is GRANTED IN PART and DENIED IN PART. The claims against BSA and GNF are severed from the claims against Nail, and the claims against Nail are remanded to the Supreme Court of New York State, Erie County, for further proceedings. The claims against BSA remain stayed pursuant to 11 U.S.C. § 362(a) and the claims against GNF remained stayed pursuant to the consent order.

The Clerk of Court is respectfully directed to formally stay this matter on the electronic docket once the claims against Nail have been remanded since the matter will then be stayed as to all remaining defendants.

IT IS SO ORDERED.

Dated: January 19, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court